**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT M. CIFONELLI,**

<b>Plaintiff,</b>

    **vs.**　　　　　　　　　　　　　　　　　　**6:11-CV-1062**
　　　　　　　　　　　　　　　　　　　　　　　**(MAD/ATB)**

**NEW YORK STATE TECHNOLOGY**
**ENTERPRISE CORPORATION, EMPLOYEE**
**NETWORK, INC.  d/b/a "eni", and JOHN DOE(S)**
**AND JANE DOE(S),**

<b>Defendants.</b>
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW OFFICE<br>6599 Martin Street<br>Rome, New York 13440<br>*Attorneys for Plaintiff* | A.J. Bosman, Esq.<br>Norman P. Deep, Esq. |
| CARTER, CONBOY, CASE, BLACKMORE,<br>MALONEY & LAIRD, P.C.<br>20 Corporate Woods Boulevard<br>Albany, New York 12211<br>*Attorneys for Defendant*<br>*New York State Technology Enterprise Corp.* | Luke C. Davignon, Esq. |
| GOLDBERG SEGALLA LLP<br>665 Main Street<br>Suite 400<br>Buffalo, New York 14203-1425<br>*Attorneys for Defendant*<br>*Employee Network, Inc.* | Julie Pasquariello Apter, Esq. |

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Presently before the Court is a motion by plaintiff to remand this action, removed by defendant New York State Technology Enterprise Corporation ("NYSTEC") from New York State Supreme Court to this District, on September 8, 2011.   Plaintiff asserts that the removal was defective because defendant Employee Network, Inc. ("ENI") did not consent to the removal. Plaintiff also seeks attorneys fees and costs associated with the motion.  (Dkt. No. 7).  Defendants oppose the motion (Dkts. No. 13, 15) arguing that ENI filed a timely letter brief with the Court expressing consent to the removal.

## II.     BACKGROUND

On June 24, 2011, plaintiff commenced this action against the two named defendants in New York State Supreme Court, Oneida County.  On September 1, 2011, defendants were served with the Summons and Complaint.  On September 8, 2011, NYSTEC filed a Notice of Removal to this Court.  The basis for removal was that the complaint asserted claims involving the Americans with Disabilities Act, 42 U.S.C. § 12101 thereby presenting a federal question.  The Notice of Removal was signed by Luke Davignon, attorney for defendant NYSTEC.

On September 29, 2011, Julie P. Apter, counsel for ENI, forwarded a letter to United States Magistrate Judge Andrew T. Baxter.  The letter was filed with the Court on October 3, 2011.  In the letter, counsel advised that she would be entering an appearance on behalf of ENI. However, she also stated:

> Due to the fact that this matter was removed from State Court to Federal Court in the Northern District, I have recently completed the application for admission into the Northern District.  I am presently admitted in the Western, Southern and Eastern Districts.  I anticipate receiving admission shortly and as soon as that is received, will be filing the Notice of Appearance.

In the interim, counsel for the plaintiff has consented to an extension of time to answer.  We requested an extension to October 15, 2011 in order to allow my admission to proceed.  Counsel has also advised that a letter to you at this point would be sufficient.

Should the Court require a formal stipulation filed prior thereto, please advise and I will have someone admitted in the Northern District execute it.

On October 3, 2011, a Text Order was issued granting ENI's letter request.  ENI was directed to answer or respond to the complaint on or before October 17, 2011.  On October 12, 2011, Julie Apter filed a Notice of Appearance on behalf of ENI.  On October 14, 2011, defendant ENI filed an answer to the complaint.

## III.   DISCUSSION

"A district court may remand only if removal was improper, i.e., if the notice of removal was procedurally defective."  *Mieschberger v. Dana Corp.*, 2011 WL 4916926, at *1 (E.D.N.Y. 2011) (citing 28 U.S.C. § 1447(c)).

Of relevance in this matter is Section 1447(c) which provides, in relevant part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).[1] If at any time

---

[1] Section 1446 provides:
Procedure for removal of civil actions

(a) Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

3

before final judgment it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded.

"While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion", a requirement known as the "rule of unanimity".  *Heller v. New York City Health and Hosps. Corp.*, 2010 WL 481336, at \*2 (S.D.N.Y. 2010) (citations omitted); *see also Codapro Corp. v. Wilson*, 997 F.Supp. 322, 325 (E.D.N.Y.1998) (some form of unambiguous written evidence of consent to the court in timely fashion)*; see also Sleight v. Ford Motor Co.*, 2010 WL 3528533, at \*1 (E.D.N.Y. 2010) ("[I]n cases where there are multiple defendants, the Rule of Unanimity requires that 'all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper'").  "Without such consent, 'there would be nothing on the record to bind the allegedly consenting defendant' or 'prevent[] one defendant from choosing a forum for all'".  *Glatzer v. Cardozo*, 2007 WL 6925941, at \*2 (S.D.N.Y. 2007) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988)); *see also Town of Moreau v. State Dep't of Envtl. Conserv.*, 1997 WL 243258, at \*5 (N.D.N.Y. 1997).

---

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446

"It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Edelman v. Page*, 535 F.Supp.2d 290, 292 (D.Conn. 2008) (internal quotation marks and citation omitted).  A defendant may consent to removal through counsel.  *Ferreira v. New York Daily News*, 2009 WL 890577, at *2 (E.D.N.Y. 2009).

In this matter, it is undisputed that NYSTEC timely filed a Notice of Removal.  Within thirty days of receipt of NYSTEC's Notice, ENI's counsel, Julie Apter, forwarded a letter **directly to the Court**, not to defendant.  *Cf. Berrios v. Our Lady of Mercy Med. Ctr.*, 1999 WL 92269, at *3 (S.D.N.Y. 1999) ("[i]n this case, since it is uncontested that no one communicated to the court prior to the expiration of the thirty day period that [the defendant] had consented to the removal, removal is defective).  In the letter, counsel clearly indicated that she represented ENI and further, that she was authorized to act on ENI's behalf.  While counsel did not address co-defendant's Notice of Removal, counsel clearly consented to jurisdiction.  Counsel advised the Court that she was seeking admission to this Court so that she could file an answer on her client's behalf.  She further stated that if a formal stipulation was necessary, she would have another attorney admitted in this Court to assist her in complying with the Court's requirements.  The Court finds that counsel's assertions in timely correspondence to the Court provides "unambiguous evidence" of ENI's consent to removal.

Defendants also argue that this matter presents "a unique situation"such that any technical defects in the removal process have been cured.  Specifically, defendants argue that when the Notice of Removal was filed, ENI's counsel was not admitted to practice in this Court and thus,

ENI's counsel could not file any paperwork with the Court to consent or object to the demand. Further, ENI's counsel has filed an affidavit in opposition to the within motion to remand.

In some instances, courts may exercise their discretion and permit a defendant to cure technical defects in removal petitions.  *Michaels v. State of N.J.*, 955 F.Supp. 315, 321 (D.N.J. 1996).  Although communication between the parties is not evidence of consent to removal, the affidavits submitted by counsel provide further support for removal of this matter.  To wit, ENI's counsel averred that upon receipt of the Notice of Removal on September 16, 2011, she contacted plaintiff's counsel and defendant's counsel.  Ms. Apter claims that she advised counsel that she could not sign any consent in Federal Court nor could she file a Notice of Appearance because her application for admission was pending.  Plaintiff's counsel asserts that ENI's counsel never objected to remand until the filing of the motion.  However, based upon Ms. Apter's correspondence to this Court and her affidavit detailing conversations, plaintiff's counsel was undoubtedly aware, in September 2011, that ENI had no objection to federal jurisdiction.[2]

Even assuming that ENI's counsel's letter to the Court did not sufficiently confer ENI's consent to federal jurisdiction, the Court finds that ENI's counsel's prior communications with plaintiff's counsel and affidavit in opposition to the within motion to remand cures any defect in the original Notice.  Moreover, ENI filed an answer with the federal court caption and index number, in federal court, on October 14, 2011, only six days after the thirty day consent period lapsed.  Based upon the short delay and plaintiff's counsel prior conversations with Ms. Apter, plaintiff cannot claim any prejudice.   *See Sicinski v. Reliance Funding Corp*., 461 F.Supp. 649,

---

[2] Plaintiff's motion papers did not include or mention Ms. Apter's September 29, 2011 letter to the Court. Plaintiff's counsel did not acknowledge having any conversation with Ms. Apter regarding the service of her client's answer or the jurisdictional issue presented herein.

652 (D.C.N.Y. 1978) ("[e]ven if the lack of both signatures were conceded to be a defect in the petition, the plaintiff has not been seriously prejudiced thereby").

With respect to plaintiff's motion for attorneys' fees, pursuant to 28 U.S.C. § 1447(c), an award of attorneys fees and costs on a motion to remand is left to the discretion of the Court, "to be exercised based on the nature of the removal and the nature of the remand." *Glatzer v. Cardozo*, 2007 WL 6925941, at *4 (S.D.N.Y. 2007). In this action, no fee award is warranted as plaintiff's ADA claim confers clear subject matter jurisdiction on this Court. *See id.*

Based upon the aforementioned, plaintiff's motion to remand and for attorneys' fees incurred as a result of the removal is denied.[3]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that plaintiff's motion to remand (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED**, that plaintiff's motion for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 5, 2012
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] The Court notes that in a Reply Affirmation, counsel for plaintiff argues, "[t]he first time Defendant ENI communicated its consent was when it recently filed its opposition to plaintiff's motion to remand on October 28, 2011" and annexed a copy of email correspondence claiming, "Ms. Apter advised my office upon her receipt of plaintiff's motion to remand that they would not be opposing our motion". Counsel's assertion is disingenuous. The email is dated October 11, 2011, prior to Ms. Apter's admission to this district and provides, "I still do not have the password to file any documents in the Northern District. We will not be opposing your motion, obviously".